# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 20 2018, 10:35 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jane Ann Noblitt
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lee M. Stoy, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Joseph L. Leszcynski,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 20, 2018

Court of Appeals Case No.
03A01-1710-CR-2350

Appeal from the Bartholomew Superior Court.
The Honorable James D. Worton, Judge.
Trial Court Cause No.
03D01-1703-F5-1848

## Shepard, Senior Judge

[1] Joseph Leszcynski twice sold heroin to a confidential informant, pleaded guilty to dealing in a narcotic drug as a Level 5 felony, and was sentenced to five years executed in the Indiana Department of Correction. The trial court

recommended he be placed in a therapeutic community while serving his sentence. He appeals, arguing his sentence is inappropriate. We affirm.

# Facts and Procedural History

[2] On May 17 and 19, 2016, a confidential informant (CI) contacted a Columbus Police Department detective and informed him that the CI could purchase heroin from Leszcynski. Controlled buys were arranged. The CI, accompanied by another detective, drove to the buy locations. On each occasion, when they arrived, Leszcynski approached the window of the vehicle; the CI gave Leszcynski the buy money; and Leszcynski gave the CI less than one gram of heroin.

[3] The State charged two counts of dealing in a narcotic drug as Level 5 felonies.[1] Leszcynski pleaded guilty and, as a part of the plea agreement, the State agreed to dismiss the second count and not file charges in an unrelated case. The trial court accepted the plea agreement and sentenced Leszcynski to five years executed with a recommendation that he be placed in a therapeutic community while serving the sentence. The court indicated it would consider a sentence modification upon Leszcynski's successful completion of the therapeutic community.

---

[1] Ind. Code § 35-48-4-1(a)(1) (2014).

# Issue

The sole issue Leszcynski raises on appeal is whether his sentence is inappropriate in light of the nature of his offense and his character.

# Discussion and Decision

Indiana Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. The defendant bears the burden of persuasion in this court. *Childress v. State*, 848 N.E.2d 1073 (Ind. 2006). Whether we regard a sentence as inappropriate turns on the "culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). "[S]entencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Id*. at 1222.

When determining whether a sentence is inappropriate, we acknowledge that the advisory sentence is the starting point the General Assembly has selected as an appropriate sentence for the crime committed. *Childress*, 848 N.E.2d 1073. Here, Leszcynski was convicted of a Level 5 felony, for which the sentencing range is between one and six years, with an advisory sentence of three years. *See* Ind. Code § 35-50-2-6 (2014). Leszcynski's sentence is thus above the advisory but below the maximum allowed under the statute.

[7] As to the nature of Leszcynski's offense, he admitted to selling heroin on two separate occasions to a confidential informant. The trial court was justified in observing that selling heroin represents a danger to others.

[8] Regarding character, Leszcynski has a history of delinquency and criminal offenses. He has been convicted of six misdemeanors and three felonies; his felony convictions are drug-related; and his probation has been "closed unsuccessfully" four times and fully or partially revoked four times. Moreover, he was on probation at the time he committed the instant offense. Leszcynski postulates that he suffers from a drug addiction and has not had the opportunity to participate in a comprehensive drug treatment program outside DOC. However, on several occasions, he was ordered by the trial court to undergo drug treatment, but failed to complete the programs.[2]

[9] Leszcynski intersperses his inappropriate sentence argument with assertions that reference an abuse of discretion standard, specifically, that the trial court should have found as mitigating factors that his offense did not cause harm to persons or property, that he suffers from drug addiction, and that, at sentencing, he asked the court for help with his drug addiction. However, our Supreme Court has made clear that inappropriate sentence and abuse of discretion claims

---

[2] We note the trial court was not unsympathetic to Leszcynski's substance abuse problems as it recommended placement in a therapeutic community in the DOC where he would be afforded intensive substance abuse treatment. *See* INDIANA DEPARTMENT OF CORRECTION, https://www.in.gov/idoc/2798.htm (last visited March 8, 2018).

are to be analyzed separately. *See Anglemyer v. State,* 868 N.E.2d 482 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). Leszcynski does not fully develop his arguments concerning the trial court's assessment of mitigating factors. As such, any claims of error of this nature are not preserved. *See Foutch v. State*, 53 N.E.3d 577, 580 n.1 (Ind. Ct. App. 2016) (noting that party must make cogent argument regarding abuse of discretion in sentencing separate from inappropriateness analysis to preserve claim for appellate review).

# Conclusion

[10] Leszcynski's five-year sentence is not inappropriate in light of his offense and his character.

[11] Affirmed.

Bailey, J., and Barnes, J., concur.